JOURNAL ENTRY and OPINION
{¶ 1} The court entered a judgment of conviction against defendant Jeffery Paulk on one count of receiving stolen property. In this appeal, Paulk complains that the judgment of conviction is against the manifest weight of the evidence.
 {¶ 2} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact sees and hears the witnesses, it stands in the better position to evaluate the credibility of witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. We therefore give substantial deference to factual determinations and will only reverse a judgment as being against the manifest weight of the evidence in exceptional circumstances. Id.
 {¶ 3} This case does not present "exceptional circumstances" requiring reversal. The charge of receiving stolen property arose after the police found Paulk and two others occupying a parked stolen vehicle. Although conceding at trial that the vehicle had in fact been stolen, Paulk insisted that he did not know this at the time he was arrested and had only been a passenger in the vehicle because he offered the driver $3 for a ride.
 {¶ 4} The evidence suggested otherwise. It showed that the vehicle had been parked in a high crime area late at night. Paulk knew one of the other occupants of the vehicle. He sat on the passenger side of the vehicle having entered the vehicle through a door that had been" punched." Other evidence showed that the steering column had been "peeled." A screwdriver which the police found laying on the floor near the driver's seat may have been used to peel the column. These facts could have convinced a rational trier of fact that Paulk could not have ignored obvious signs that the vehicle had been stolen, and therefore knowingly entered a stolen vehicle.
 {¶ 5} A final word. In its "statement of the case and facts" the state refers to an "oral statement" Paulk gave to the police. There was no evidence of any such statement at trial. During Paulk's cross-examination, the state asked him whether he made certain statements to questions by a police detective. Paulk denied making specific statements and the state did not offer any proof relating to a conversation, nor did it present the testimony of the detective who allegedly heard these statements. Absent this proof, no facts relating to this alleged conversation were proved, and it is improper for the state to represent it as such.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., concurs.
 Kilbane, J., concurs in judgment only.