JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Ryan Glover, appeals his bench trial conviction of gross sexual imposition in violation of R.C.2907.05. The trial court acquitted him of charges of abduction, assault, and attempted rape.
 {¶ 2} The victim, an eighteen-year-old woman, lived in Wickliffe, a Cleveland suburb in an adjoining county. She took the Laketran Bus, a commuter bus that runs infrequently, to Cleveland to visit a new friend whom she had met the week before.
 {¶ 3} After she arrived at her new girlfriend's house, the friend invited the victim to accompany her to a boyfriend's house, which was a bus ride away. When they arrived at his house, a sixteen-year-old male friend was also visiting. Around ten at night, the friend said she had to leave, and all four of them walked to the bus stop. At this point, the victim began to get nervous about how she would get home to the next county. Her new friend urged her to get on the bus with her and said that if they could not find her a ride back to Wickliffe, the victim could stay overnight at her house. The victim said that her parents would not allow her to stay out overnight, and she became increasingly concerned about how she would get home.
 {¶ 4} The victim testified that the younger boy told her that his brother, the defendant, and he could drive her home because he had a car available. The testimony of all the witnesses is consistent that when the group arrived at the bus stop at ten in the evening, the sixteen-year-old's brother, the defendant, was there in a car. The victim got into the back seat of the car with the younger brother, and the boyfriend of the new friend got into the front passenger's seat. Defendant was driving. The new friend got on the bus and went home. The testimony differs concerning whether or not anyone smoked marijuana that night, either at the boyfriend's home or in the car. Nonetheless, after driving around for a while, the group dropped the boyfriend at his house. They then drove around a little more, with the victim still in the back seat with the younger boy and defendant driving.
 {¶ 5} At some point defendant asked the victim whether she wanted to "get down," a phrase she understood to mean to have sex with him. Rejecting his offer, she explained she had a boyfriend. The victim testified that defendant drove the car to a place she did not recognize, parked the car and climbed into the back seat. The victim was in the middle of the back seat between the younger boy and defendant. According to the victim's testimony, defendant then placed his hand on her thigh and rubbed it. Although she asked him not to, she testified that he then rubbed her vagina through her shorts. She tried to push him away, and finally he stopped. He returned to the driver's seat and told her to get out of the car.
 {¶ 6} Although defendant denies touching the victim, he did acknowledge he told her to get out of the car if she would not have sex with him. The victim testified that she did not get out of the car at that time, or any other time during the ride, because she did not know where she was and was afraid to be alone at night in an unknown neighborhood. She also testified that she still hoped that they would drive her home. According to the testimony of both the other witness and her own, she repeatedly expressed great concern about having to be home that evening in order to avoid upsetting her parents. She testified that when she left her home to visit her new friend, the new friend had promised her that she would get her a ride home.
 {¶ 7} After about two hours, the victim remembered that she had her new cell phone with her. Although she knew she was out of minutes on the phone, she remembered that she could call 911 without them. The 911 operator told her to get out of the car and to try and get the license number. She got out of the car and was able to use the phone of a person who lived in the neighborhood to call 911 again so her location could be identified.
 {¶ 8} The boys in the car drove off and then the police arrived. She described the car to them and gave them the first three numbers of the license plate. The car then drove past again, this time with only the younger boy, who was driving it. The police stopped it and the victim identified him as the younger boy who had been in the car. Through the younger boy, the police obtained the identity of defendant. When the police first approached defendant in his home, he gave them a false name. Nonetheless, he was arrested.
 {¶ 9} Defendant waived a jury trial and was convicted on only one count of the four-count indictment. He appeals his conviction, stating one assignment of error.
 {¶ 10} The trial court erred in denying appellant's motion for acquittal when the state failed to present sufficient evidence that appellant committed this crime.
 {¶ 11} Defendant argues that the state failed to provide sufficient evidence to show that he had committed the crime. Defendant was convicted of gross sexual imposition in violation of R.C. 2907.05, a fourth degree felony. The statute specifies the necessary elements for this crime:
 {¶ 12} No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 13} The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.
 {¶ 14} * * *
 {¶ 15} A victim need not prove physical resistance to the offender in prosecutions under this section.
 {¶ 16} Defendant notes that this is the classic "he said, she said" case and points out inconsistencies in the victim's testimony. Primarily, however, defendant relies on the court's comment to him when it handed down the verdict. After finding defendant guilty, the court stated, "And I'll state for the record, Mr. Glover, at the close of the State's case I didn't think they proved their case. Your testimony did it, young man." Tr. at 148. Because the court admitted that the evidence presented had not convinced him of defendant's guilt at the end of state's case, defendant argues, the court was required to acquit him.
 {¶ 17} The court did acquit defendant on the charge of rape at the close of the state's case. The court found that the state had not provided sufficient evidence to support either rape or attempted rape. Then, at the close of defendant's case, the court also acquitted defendant of abduction and assault. Thus the court found that the evidence was not sufficient to support any of the charges except the gross sexual imposition charge.
 {¶ 18} Defendant, in claiming that the court's comments required acquittal, confuses sufficiency with manifest weight. "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus.
 {¶ 19} Acquittal at the close of the state's case is governed by Crim.R. 29, which states in pertinent part:
 {¶ 20} The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case. Crim.R. 29(A)
 {¶ 21} To meet the sufficiency requirement, credibility is not an issue. Rather, the state needs to provide sufficient evidence which, if believed, would result in a conviction. "With respect to sufficiency of the evidence, `"sufficiency"' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Thompkins at 396, quoting Black's Law Dictionary (6 Ed. 1990) 1433.
 {¶ 22} The state presented, through the testimony of the victim, evidence that defendant had sexual contact with her and she resisted. This evidence, if believed, is sufficient to support a conviction. It provides the necessary elements of sexual contact and force.
 {¶ 23} Defendant argues that because the court did not believe the state's case before he testified, it was required to acquit him. This argument erroneously applies the standard for manifest weight. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Thompkins at 386, quoting Black's, supra, at 1594. In the case at bar, the statement by the judge indicated that he had not believed the evidence the state had presented proved its case beyond a reasonable doubt. The judge's belief is not relevant in a motion to acquit. Rather, the court is to review the evidence as if it were believed. The trial judge here never explicitly distinguished between the sufficiency of the evidence for a motion to acquit and its credibility. Nor should we exaggerate his words, obviously aimed to explain to defendant that his testimony shifted the weight of the evidence. The trial judge's expression of disbelief was in a context totally separate from his ruling on the motion.
 {¶ 24} The trial court did not err, therefore, in denying defendant's motion for acquittal at the close of the state's case on the gross sexual imposition count. Indeed, the fact that the court acquitted the defendant on two serious charges demonstrates the judicious character of the court's decision to deny defendant's motion as to the third charge. Accordingly, this assignment of error is overruled and the trial court is affirmed.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., and Calabrese, Jr., J., Concur.