DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas. Appellant, Natalie Wyatt, was found guilty of theft, a violation of R.C. 2913.02(A)(1), a felony of the fifth degree. The trial court imposed a sentence of 3 years of community control, with specified sanctions, and 30 days in jail. Appellant appeals this judgment and asserts that the following errors occurred in the proceedings below:
 {¶ 2} "The trial court committed reversible error when it denied defendant's motion for acquittal."
 {¶ 3} "The state failed to provide sufficient evidence as a matter of law to support the verdict."
 {¶ 4} "The verdict was against the manifest weight of the evidence."
 {¶ 5} Although our disposition of appellant's individual assignments of error may involve different standards of review, all three rest upon the same argument, to wit, the state failed to establish venue in Wood County for the charge of theft. Thus, the following facts, as adduced at appellant's bench trial, are pertinent to the resolution of all three of appellant's assignments of error.
 {¶ 6} Appellant and the alleged victim, Michelle Woycitzky, worked the same shift together at a McDonald's restaurant located in Rossford, Wood County, Ohio. While working her shift, Michelle kept her purse in a locker at the McDonald's. The locker was never secured.
 {¶ 7} During the week that the alleged theft occurred, Michelle worked Monday through Friday. Michelle used a credit card that was issued in her husband's name on the Sunday prior to this time period. Michelle stored the credit card in a black wallet inside her purse. On Thursday of that week, Michelle was going to use the credit card and discovered that it was not in her purse. She immediately went home and told her husband, John R. Woycitzky, that the card was missing.
 {¶ 8} John went to his computer, got on the internet, and located the billing report for his credit card. The report revealed that the credit card was used on the previous Tuesday at a car wash situated in Toledo, Lucas County, Ohio. John telephoned the credit card company and confirmed that his card was used at the Lucas County car wash. John then called Gary J. Williams, the owner of the car wash. Williams told John that he could not only provide the time and date that the card was used, but he could also provide video evidence of the card's use. Subsequently, Williams e-mailed John photographs of the automobile and its occupant as the vehicle was entering the car wash.
 {¶ 9} Upon viewing the photographs, Michelle identified the automobile, which had a large dent in a quarter panel, as the car driven by appellant to and from work. She also testified that appellant was the driver of the motor vehicle because that driver was wearing a McDonald's uniform. In his testimony, Williams stated that he remembered the automobile because the damage to one side of the car was "pretty distinctive."
 {¶ 10} After the close of the state's case, appellant moved the court for a Crim.R. 29 acquittal. Appellant's trial counsel argued that the state failed to establish venue in Wood County. Counsel asserted that, at best, the prosecution had established, by means of circumstantial evidence, that appellant possessed, and perhaps misused, John's credit card in Lucas County. The trial court denied appellant's motion for an acquittal. The defense presented no evidence and, as stated infra, the common pleas court found appellant guilty.
 {¶ 11} The substantive law governing this cause is found in R.C.2901.12. See, also, Crim.R. 18(A). Venue is an element, though not material, in all criminal prosecutions and must be proven beyond a reasonable doubt. State v. Headley (1983), 6 Ohio St.3d 475, 477. Venue is proper in the county where the offense or any element of the offense was committed. R.C. 2901.12(A). Furthermore, when an offense involves the unlawful taking of another's property, the offender may be tried in any jurisdiction from which or into which the property is taken. R.C.2901.12(C). The state may prove venue by either direct evidence or circumstantial evidence under a totality of the circumstances standard.Headley, at 477; State v. Barr, 158 Ohio App.3d 86, 2004-Ohio-3900, at ¶ 15. See, also, State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus (Circumstantial evidence and direct evidence have the same probative value.).
 {¶ 12} The standard of review applicable to appellant's first and second assignment of error is the same. See State v. Carter (1995),72 Ohio St.3d 545, 553, 1995-Ohio-104; State v. Reyes, 6th Dist. No. WD-03-059, 2005-Ohio-2100, at ¶ 21. Both assignments challenge the sufficiency of the evidence offered on the question of venue. In deciding this issue, an appellate court must determine "`whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" Reyes, at ¶ 22 quoting State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Credibility is not an issue in determining the sufficiency of the evidence. State v.Glover, 8th Dist. No. 83341, 2004-Ohio-4482, at ¶ 21. Instead, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990) 1433. Thus, sufficiency is a test of adequacy. Id. (Citation omitted.)
 {¶ 13} With regard to the present cause, the elements of theft are:
 {¶ 14} "(A) No person, with purpose to deprive the owner of property * * * shall knowingly obtain or exert control over * * * property * * * (1) without consent of the owner or person authorized to give consent; * * *." Here, the prosecution offered circumstantial evidence of the fact that appellant knowingly obtained John's credit card from Michelle's wallet which was stored in her purse in a locker at her Wood County workplace during her shift. Specifically, Michelle and appellant worked the same shift at the same McDonald's. Michelle did not use the credit card on either Monday or Tuesday; she identified appellant as using John's credit card at a car wash on that Tuesday without either her consent or John's consent. This was sufficient evidence that, when viewed in a light most favorable to the prosecution, demonstrated, beyond a reasonable doubt, that venue for prosecution of the charge of theft would lie in either Wood County or Lucas County. Accordingly, appellant's first and second assignments of error are found not well-taken.
 {¶ 15} In her third assignment of error appellant argues that that the trial court's judgment on the issue of venue is against the manifest weight of the evidence. Appellant predicates this argument on the fact that no direct evidence was offered to establish venue.
 {¶ 16} In determining whether a conviction is contrary to the manifest weight of the evidence, an appellate court must review the entire record, weighing the evidence as well as all reasonable inferences that can be drawn therefrom, and considering the credibility of the witnesses, to determine whether the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Thompkins,78 Ohio St.3d at 389, 1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Nonetheless, because the trier of fact sees and hears the witnesses, either the judge or the jury is particularly competent to decide "whether, and to what extent, to credit the testimony of" each witness. State v. McMasters, 2d Dist. No. 19641, 2003-Ohio-2520, at ¶ 2, citing State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. We therefore give substantial deference to a trial court's factual determinations and will only reverse a judgment as being against the manifest weight of the evidence in exceptional circumstances. State v.Paulk, 8th Dist. No. 83968, 2004-Ohio-4082, at ¶ 2, citing State v.Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 17} We repeat, circumstantial evidence has the same probative value as direct evidence Jenks, supra, and may be used to determine, under the totality of the circumstances, the appropriate venue in a criminal case,Headley, supra; Barr, supra. The circumstantial evidence in this cause as it relates to venue is based upon the credibility of the testimony of three witnesses, namely, Michelle and John Woycitzky and Gary Williams. We thus conclude that this case does not present an "exceptional circumstance." Consequently, the trial judge's decision in finding that venue for the prosecution of the theft charge was Wood County is not against the manifest weight of the evidence. Appellant's third assignment of error is found not well-taken.
 {¶ 18} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., concur.