[Cite as *State v. Ealy*, 2016-Ohio-7927.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| LARRY E. EALY | : | Case No. 16-CA-31 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Licking County
                                                           Court of Common Pleas, Case No.
                                                           16CR35




JUDGMENT:                                      Affirmed




DATE OF JUDGMENT:                     November 21, 2016




APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

BRYAN R. MOORE                           PAUL E. MORRISON
Assistant Prosecuting Attorney         100 East Main Street
20 S. Second Street, Fourth Floor     Columbus, Ohio 43215
Newark, Ohio 43055

*Baldwin, J.*

**{¶1}** Appellant Larry E. Ealy appeals a judgment of the Licking County Common Pleas Court convicting him of receiving stolen property (R.C. 2913.51(A)) and sentencing him to one year incarceration. Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On August 25, 2014, a salesman at Buckeye Ford met with a potential customer who identified himself as Clifford White, regarding the sale of a 2015 F-350 pickup truck, valued at $65,000.00. While the truck was running, White asked the salesman to step to the other side of the vehicle to check something. White drove off in the truck, and the truck was reported stolen by the dealership.

**{¶3}** On January 22, 2016, Trooper Jody Sawyers was running license plate checks on vehicles parked at a rest area along Interstate 70 in Licking Township. The license plate on the pickup truck in which appellant was seated came back as a stolen vehicle. The trooper questioned appellant as to how he came into possession of the truck. Appellant explained that he got the truck from his son, who purchased the truck not at an auction, but from a man he met at an auction. Appellant told Tpr. Sawyers that he acquired the truck in September or October of 2014. He told the trooper that he had been stopped by an officer in Alabama, and told the officer that they had a mechanic's lien placed on the vehicle. The key appellant had for the vehicle did not have a fob, and did not appear to be the kind of key issued by Ford. The federal identification decal was removed from the driver's side door panel, leaving the word "VOID" exposed in large, bright lettering. Further, the VIN number on the dash had been scratched. The officer confirmed that the VIN number under the windshield of the car matched the number on

the report of the stolen truck. Appellant could not produce a title for the truck. Appellant admitted to the trooper that it was "all adding up" that the vehicle had been stolen.

{¶4} Appellant was placed under arrest for receiving stolen property. On the way to the police station, appellant told Tpr. Sawyers that he worked in a mechanic's shop, and had worked on this truck in Alabama, where his son lives. He further stated that his sister, Ronda, was mailing him tags for the truck from Dayton.

{¶5} Sergeant Timothy Root examined the vehicle at the impound lot. He noted that the public VIN, located on the driver's side windshield, was intact with no evidence of tampering. However, the federal identification decal had been removed, evidenced by white "void" markers. Sgt. Root then interviewed appellant at the Licking County Justice Center. Appellant told the officer that his son, Lance, met an unknown person outside the venue of the Franklin Auto Auction. Lance agreed to purchase the vehicle for $26,000.00 and a Dodge Magnum. Later appellant stated that the Dodge Magnum was not part of the deal. His son did not have $26,000.00 in cash, but gave the man $16,000.00, and was to receive the title when he produced the remaining $10,000.00, which never occurred. Appellant said that he believed the person selling the truck was willing to sell it for a low price because there was possibly a lien on it, and it was going to be repossessed. Appellant said the truck was purchased in September or October, but the temporary tag issued for the vehicle to Ronda Baily, appellant's sister, showed a bill of sale with a purchase date of January 10, 2016. Appellant told the officer that this was his second temporary tag; however, the officer did not find another tag issued to Ronda Bailey, and it would not have been possible to produce another bill of sale without a fictitious document being presented to the BMV for the first tag.

{¶6} Appellant was indicted on one count of receiving stolen property. Appellant filed a motion to suppress which was overruled. The case proceeded to bench trial, at which appellant represented himself.

{¶7} Appellant testified at trial that his son left the vehicle with him in March of 2015, at a church parking lot where appellant was involved in ministry and worked on cars. He testified that the vehicle sat until December 9, 2015. He testified that he ran a VIN check on it, which did not come back with a problem. He called his sister and told her he didn't have a title on the truck, but wanted her to help him get 30-day plates. She was able to get a 45-day tag, and later a second tag, but was told that she would need to produce a title after that. Appellant did not dispute that the truck was stolen, but testified that he did not know that the truck was stolen until his arrest in the instant case. On cross-examination, appellant admitted that he received the truck when his son was picked up on a federal warrant in Georgia.

{¶8} Following trial, the court found appellant guilty as charged. He was sentenced to one year incarceration.

{¶9} Appellant was appointed counsel for his appeal to this Court. Counsel was permitted to withdraw on September 29, 2016, after the briefs were filed and oral argument was scheduled. The brief filed by counsel prior to his withdrawal raises three assignments of error:

{¶10} "I. THE TRIAL COURT ERRED IN FAILING TO UPHOLD APPELLANT'S RIGHTS AGAINST UNREASONABLE SEARCH AND SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

**{¶11}** "II.  INEFFECTIVE ASSISTANCE OF COUNSEL.

**{¶12}** "III.  THE TRIAL COURT'S FINDING OF GUILT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE AND IS A VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE  I, SECTION 16 OF THE OHIO CONSTITUTION."

I.

**{¶13}** In his first assignment of error, appellant challenges the trial court's ruling on his motion to suppress.  However, in his argument in his brief, appellant concedes that the trial court did not err in overruling his motion to suppress based on the law and the evidence presented by the State at the suppression hearing.

**{¶14}** Appellant's first assignment of error is accordingly overruled.

II.

**{¶15}** Appellant argues that his trial counsel was ineffective.  However, appellant represented himself at trial. The right to effective assistance of counsel necessarily presumes that the defendant has counsel; therefore, the law pertaining to effective assistance of counsel does not apply when the defendant exercises his right to self-representation.  *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 82 (2002).

**{¶16}** The second assignment of error is overruled.

III.

{¶17} In his final assignment of error, appellant argues that the judgment convicting him of receiving stolen property is against the manifest weight and sufficiency of the evidence. He specifically argues that the State failed to prove venue, and that the court erred in finding that he had reason to believe the truck was stolen. He argues that he was unsophisticated in ways of title law, and the BMV issued tags for the vehicle without checking to see if it was stolen. He further argues that the trial court was biased against him due to his criminal history.

{¶18} To determine whether a verdict is against the manifest weight of the evidence, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶19} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶20} Appellant was convicted of receiving stolen property in violation of R.C. 2913.51(A), which states, " No person shall receive, retain, or dispose of property of

another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

**{¶21}** The trial court made the following specific findings that appellant knew or had reasonable cause to believe that the truck was stolen:

The question is did the State demonstrate the Defendant knew or having reasonable cause to believe that it had been obtained through the commission of a theft offense.

Reasonable cause to believe is defined in determining whether the Defendant had reasonable cause to believe that the truck was obtained through the commission of a theft offense, you must put yourself in the position of this Defendant with his or her knowledge or lack of knowledge and under the circumstances and conditions that surround him at that time. You must consider the conduct of the persons involved and determine whether their acts and words and all the surrounding circumstances would have caused a person of ordinary prudence and care to believe that the truck had been obtained through the commission of a theft offense.

The ordinary conditions involved here of that knowledge consisted of the truck didn't have a title, the sticker had been stripped, there was a bill of sale that was either shaky or false. When you call your sister and tell her to get plates on it with no bill of sale to her. You don't know who owned the car before or the real circumstances of how it came to be owned by the person who gave it to you who had just gone to prison.

It seems to me that a person of reasonable and ordinary prudence and care would believe that the car -- has reasonable cause to believe that the car had been obtained through the commission of a theft offense.

Didn't take steps to clear the title. Don't have it. Didn't get it. Couldn't get it. On that basis, I'll enter a guilty finding here today.

**{¶22}** Tr. 250-251.

**{¶23}** The trial court's findings are supported by the evidence presented through the testimony of Trooper Sawyers and Sgt. Root, and through appellant's own testimony at trial. Although appellant argues he was unsophisticated in matters of title, he admitted to Sgt. Root that he had experience in salvaging vehicles. Sgt. Root testified that if appellant had gone through the salvage process to get a rebuilt title on a vehicle, a vehicle with the FID removed and "void" displayed would immediately be flagged, and he would have to show some level of documentation as to how the vehicle was purchased and why the label was removed. Tr. 142-143. Based on all the facts and circumstances surrounding appellant's acquisition of the truck, the court's finding that appellant should have had reasonable cause to believe the truck was stolen is not against the manifest weight or sufficiency of the evidence.

**{¶24}** Finally, appellant argues that the State failed to prove venue in Licking County. R.C. 2901.12(C) provides, "When the offense involved the unlawful taking or receiving of property or the unlawful taking or enticing of another, the offender may be tried in any jurisdiction from which or into which the property or victim was taken, received, or enticed."

**{¶25}** While venue is not an essential element of a charged offense, courts have required that venue be proved by the State beyond a reasonable doubt unless it is waived by the defendant. *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). Venue need not be proven in express terms as long as it is established by all the facts and circumstances in the case. *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969, paragraph one of syllabus (1907).

**{¶26}** Trooper Sawyers testified that he is based out of the Granville Post, and encountered appellant at a rest area on I-70 in Licking Township. Tr. 56-57. From this testimony, the trial court could conclude that the facts and circumstances establish venue in Licking County.

**{¶27}** The third assignment of error is overruled.

**{¶28}** The judgment of the Licking County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.