[Cite as *State v. Fortney*, 2017-Ohio-8672.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No. WD-16-069

    Appellee                                   Trial Court No. 2016CR0118

v.

Nicholas Fortney                          **DECISION AND JUDGMENT**

    Appellant                                  Decided:  November 22, 2017

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Nicholas Fortney, appeals the November 18, 2016 judgment of the Wood County Court of Common Pleas which, following a jury trial convicting him of attempted tampering with evidence, sentenced him to community control.  For the reasons that follow, we affirm.

**{¶ 2}** Appellant was indicted on April 21, 2016, on one count of attempted tampering with evidence, in violation of R.C. 2921.12(A)(1), (B), and 2923.02, a fourth-degree felony. The charge stemmed from the March 3, 2016 police questioning of appellant about a February 19, 2016 incident of arson which occurred in Bowling Green, Ohio.

**{¶ 3}** The matter proceeded to a jury trial on September 21, 2016. The state presented the testimony of Bowling Green Police Detective Sergeant Doug Hartman and Detective Brian Houser.

**{¶ 4}** Detective Houser was present in the interview room during the events. During Houser's testimony the state played the videotape of appellant's police interview. Detective Houser confirmed that the interview lasted approximately ten minutes after which appellant was placed under arrest. As he was being handcuffed, appellant tossed his phone on his coat which was lying on the floor. Detective Houser stated that he was then instructed by Sergeant Hartman to seize the phone; appellant stomped on it barely missing Houser's hand.

**{¶ 5}** Sergeant Hartman testified that during an arson investigation he obtained the suspect's Verizon cellular phone records and that there was a text message to appellant on the morning of the fire. Deciding that they wanted to question appellant, the officers picked him up on a traffic warrant and took him to the police station.

**{¶ 6}** Once at the station, Sergeant Hartman testified that he was hoping to get appellant's cooperation to search the cell phone but, regardless, he intended to seize the

2.

phone. Hartman acknowledged that appellant had access to his cell phone for nearly the entire duration of the interview. Hartman stated that appellant began looking for the text message at issue, but after a few moments turned the phone over and indicated that he was finished looking. Sergeant Hartman testified that the atmosphere quickly turned hostile and led to appellant's attempt to destroy his cell phone by stomping on it.

{¶ 7} Defense counsel's cross-examination of the officers centered on whether police specifically informed appellant that his phone could be evidence in the arson investigation. Sergeant Hartman and Detective Houser acknowledged that they did not use those specific words. Hartman also acknowledged that he allowed appellant free access to his phone during the interview. Following deliberations, the jury found appellant guilty of the crime charged.

{¶ 8} On November 18, 2016, appellant was sentenced to community control with various conditions, and ordered to pay a fine. This appeal followed with appellant raising three assignments of error for our review:

> I. Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio.

> II. The trial court erred in denying Appellant's Crim.R. 29 motion.

> III. The jury's verdict was against the manifest weight of the evidence presented at trial.

3.

{¶ 9} Appellant's first assignment of error contends that he received ineffective assistance of trial counsel based on counsel's failure to object to the state's use of leading questions during the direct and redirect examinations of Detective Houser.

{¶ 10} In order to demonstrate that trial counsel was constitutionally ineffective, a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Proof of prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 11} Evid.R. 611(C) provides that, in general, "[l]eading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony." Regarding leading questions and the effective assistance of counsel, "the failure to make objections is not alone enough to sustain a claim of ineffective assistance of counsel." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 103; *State v. Teal*, 6th Dist. Lucas Nos. L-15-1280, L-15-1281, 2017-Ohio-7202, ¶ 31. Further, it is within the discretion of the trial court to permit the state to ask leading questions of its own witnesses. *State v. Miller*, 44 Ohio App.3d 42, 45, 541

4.

N.E.2d 105 (6th Dist.1988); *State v. Madden*, 15 Ohio App.3d 130, 133, 472 N.E.2d 1126 (12th Dist.1984).

{¶ 12} As the court in *Miller*, 44 Ohio App.3d at 45, noted:

> "the exception 'except as may be necessary to develop [the witness']
> testimony' is quite broad and places the limits upon the use of
> leading questions on direct examination within the sound judicial
> discretion of the trial court."

*State v. Ryan*, 6th Dist. Wood No. WD-05-064, 2006-Ohio-5120, ¶ 45. *See, also*, *State v. Rossbach*, 6th Dist. Lucas No. L-09-1300, 2011-Ohio-281, ¶ 141-142.

{¶ 13} In the present case, appellant takes issue with counsel's failure to object to testimony elicited through the direct and redirect examinations of Detective Houser. Reviewing the contested testimony, we find that the leading questions were being used as a means to expedite the testimony that was largely duplicative of the videotaped interview. Even assuming that any of the questioning was improper, there is no basis to argue that the outcome of the trial would have been different if counsel had objected. Appellant's first assignment of error is not well-taken.

{¶ 14} In his second assignment of error, appellant argues that the court erred when it denied his Crim.R. 29 motion for acquittal. Crim.R. 29(A) provides for an entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. "An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard that is used to review a sufficiency of the evidence claim." *State v. Reyes*, 6th

Dist. Wood No. WD-03-059, 2005-Ohio-2100, ¶ 21, citing *State v. Carter,* 72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995). The Supreme Court of Ohio has stated that the term "sufficiency of the evidence" presents a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of the crime. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In evaluating a sufficiency of the evidence claim, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 15} In order to convict appellant of the crime of attempted tampering with evidence the state was required to prove that appellant, "knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted" altered, destroyed, concealed or removed "any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]" R.C. 2921.12(A)(1). An attempt occurs when an individual engages in conduct, with "purpose or knowledge" of "sufficient culpability for the commission of an offense" which, if successful would result in the offense. R.C. 2923.02(A).

{¶ 16} Appellant's specific argument is that because he was never made aware of the purpose of the police interview, he had no knowledge that his cell phone was considered evidence in the arson investigation. Thus, according to appellant the evidence supporting the knowledge element was legally insufficient.

6.

**{¶ 17}** Knowledge or intent lies within the privacy of an individual's own thoughts and is not susceptible of objective proof. *State v. Garner*, 74 Ohio St.3d 49, 60, 656 N.E.2d 623 (1995). The law recognizes that intent can be proven from the surrounding facts and circumstances and that "persons are presumed to have intended the natural, reasonable and probable consequences of their voluntary acts." *Id.*

**{¶ 18}** Reviewing the testimony presented at trial and, particularly, the videotaped interview, we disagree with appellant's assertion. Commencing the police interview, Sergeant Hartman clearly indicated that the arson investigation was one of the reasons police wanted to question appellant. Hartman then confirms appellant's cell phone number and stated that police had retrieved and searched that arson suspect's cell phone which revealed several text messages between him and appellant. Notably, Sergeant Hartman told appellant that the search revealed that the suspect texted appellant right around the time of the arson, indicated that he was involved in an altercation with a third individual, and asked appellant for a ride. Upon hearing this information, appellant denied giving the suspect a ride or any involvement with the fire.

**{¶ 19}** Thereafter, the video clearly depicts the interview becoming more contentious and heated, culminating in appellant's arrest. The video also clearly depicts appellant tossing his phone on his coat lying on the floor, Officer Hartman instructing Officer Houser to "seize the phone," and appellant then attempting to stomp on it.

**{¶ 20}** Reviewing the above, it is clear that appellant had knowledge that his phone was involved in the arson investigation and that by stomping on it he was

7.

attempting to impede that investigation. Thus, we conclude that when viewed in a light most favorable to the prosecution, based on the totality of the circumstances there was more than adequate evidence presented from which any rational trier of fact could have found that appellant was attempting to impede the arson investigation by destroying his cell phone. Thus, the trial court did not err in denying appellant's Crim.R. 29 motion for acquittal. Appellant's second assignment of error is not well-taken.

{¶ 21} In his third and final assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. Appellant reiterates his argument set forth in his second assignment of error: that the state failed to prove that appellant had knowledge that his cell phone was evidence in an arson investigation.

{¶ 22} When reviewing a manifest weight claim:

> The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.

*State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

8.

**{¶ 23}** Reviewing the evidence presented at trial, particularly the undisputed videotaped interview, we cannot say that the jury lost its way or created a miscarriage of justice when it convicted appellant of attempted tampering with evidence. Appellant's third assignment of error is not well-taken.

**{¶ 24}** On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this proceeding.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                                                  JUDGE

Arlene Singer, J.     

                                           _____

James D. Jensen, P.J.      JUDGE
CONCUR.

                                           _____
                                                  JUDGE