Wise, Earle, J.
{¶ 1} Defendant-Appellant James Marcum appeals the judgment of conviction and sentence of the Court of Common *1213 Pleas of Fairfield County, Ohio. Plaintiff-Appellee is the state of Ohio.
FACTS AND PROCEDURAL HISTORY
{¶ 2} On January 12, 2017, a man entered a Petco store on Taylor Road in Reynoldsburg Ohio and stole more than $4,000 in flea and tick medication. Three store employees witnessed the theft and one took photographs.
{¶ 3} The Fairfield County Grand Jury subsequently returned an indictment charging appellant with one count of theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree.
{¶ 4} On June 27, 2017, the matter proceeded to a jury trial. At the conclusion of the state's evidence, counsel for appellant made a Crim.R 29 motion for acquittal. Counsel did not argue that the state had failed to prove venue. The trial court, however, raised the issue sua sponte. The court concluded that although the state had failed to present evidence of venue, sufficient facts were presented from which reasonable minds could differ as to whether the state had proved venue beyond a reasonable doubt. Appellant then rested without presenting evidence and without renewing his Crim.R 29 motion for acquittal.
{¶ 5} On June 28, 2017, the jury returned a verdict finding appellant guilty as charged. He was subsequently sentenced to a 6-month prison term.
{¶ 6} Appellant filed an appeal and the matter is now before this court for consideration.
I
{¶ 7} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR A DIRECTED VERDICT OF NOT GUILTY."
II
{¶ 8} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN PERMITTING THE INTRODUCTION OF CERTAIN EVIDENCE IN THE PROSECUTION OF THE CASE BELOW."
III
{¶ 9} "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL HEREIN."
{¶ 10} In his first assignment of error, appellant argues the trial court should have granted his motion for a directed verdict. We agree.
{¶ 11} Appellant concedes he did not raise the issue of venue when he made his Crim.R. 29 motion for acquittal and further concedes he failed to renew his motion after resting his case. In such a circumstance, it would normally be proper to consider proof of venue waived. We find, however, it is appropriate to consider the argument under a plain-error analysis, since the failure to prove venue does affect a substantial right. State v. Shedwick , 10th Dist. Franklin No. 11AP-709, 2012-Ohio-2270, 2012 WL 1852083 ¶ 38.
{¶ 12} An error not raised in the trial court must be plain error for an appellate court to reverse. State v. Long , 53 Ohio St.2d 91, 372 N.E.2d 804 (1978) ; Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Id. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long at paragraph three of the syllabus.
*1214 {¶ 13} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
{¶ 14} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." State v. Spaulding , 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 164, reconsideration denied, 147 Ohio St.3d 1480, 2016-Ohio-8492, 66 N.E.3d 766, citing State v. Tenace , 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. , citing State v. Jenks , 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.
{¶ 15} While venue is not an essential element of a charged offense, courts have required that venue be proved by the state beyond a reasonable doubt unless it is waived by the defendant. State v. Headley , 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). Venue need not be proven in express terms as long as it is established by all the facts and circumstances in the case. State v. Dickerson , 77 Ohio St. 34, 82 N.E. 969, paragraph one of syllabus (1907).
{¶ 16} Where venue is not specifically testified to, it may still be adequately proven where a witness pinpoints city or township where the events occurred, or where a county agency such as a Sheriff's Office is involved, and a witness from that agency testifies as to their involvement in the matter. State v. Ealy , 5th Dist. Licking No. 16-CA-31, 2016-Ohio-7927, 2016 WL 6964604 ¶ 25 ; State v. Hill , 5th Muskingum No. CT2009-0044, 2010-Ohio-4295, 2010 WL 3532090 ¶ 32-33.
{¶ 17} In State v. Depina, 5th Dist. Stark No. 2014CA00091, 2015-Ohio-2254, 2015 WL 3623804, we found "If the state has demonstrated that the alleged crime occurred in a particular location but failed to provide direct evidence that the location is in the appropriate county, Evid.R. 201(B)(1) permits judicial notice of generally-known facts within the territorial jurisdiction of the trial court; thus judicial notice may be taken that a location is in a particular county." Depina at ¶ 23 citing State v. Barr , 158 Ohio App.3d 86, 2004-Ohio-3900, 814 N.E.2d 79, ¶¶ 16-17 (7th Dist.).
{¶ 18} At trial, while two of the state's witnesses gave the address of the store, they did not specify that the address was in Fairfield County, and no county agency was involved in the matter. In overruling appellant's motion for acquittal, the trial court did so without permitting the state to reopen its case to establish venue, and without taking judicial notice that venue had been established. The court found that although there had been no express testimony concerning venue, there were enough facts and circumstances in evidence for reasonable minds to differ as to whether venue was proven beyond a reasonable doubt. T.148-150.
{¶ 19} However, as noted by the parties, the city of Reynoldsburg lies in three counties-Licking, Fairfield and Franklin. Because the city of Reynoldsburg spans three counties, recitation of an address in the city of Reynoldsburg was insufficient *1215 to establish venue in Fairfield County. We therefore find this is an exceptional circumstance requiring a finding of plain error. We sustain appellant's first assignment of error and reverse his conviction for a lack of sufficient evidence.
II, III
{¶ 20} Because we reverse appellant's conviction under the first assignment of error, his remaining assignments of error are moot and we decline to address them.
John, P.J. and Hoffman, J. concur.