[Cite as *Toledo v. Williams*, 2018-Ohio-4354.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                    Court of Appeals No. L-17-1188

　　　　Appellee                                Trial Court No. CRB-17-02092

v.

Homer L. Williams, III                          **DECISION AND JUDGMENT**

　　　　Appellant                               Decided:  October 26, 2018

* * * * *

David Toska, Chief Prosecutor, and Henry Schaefer,
Assistant Prosecutor, for appellee.

Emil G. Gravelle III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Homer L. Williams, III, appeals the January 18, 2018 judgment of the Toledo Municipal Court sentencing him to 180 days of incarceration, with 160 days stayed, following his conviction for unauthorized use of a vehicle.  For the reasons set forth herein, we reverse.

{¶ 2} On February 16, 2017, appellant was charged with a violation of R.C. 2913.03(A), unauthorized use of a motor vehicle, a first-degree misdemeanor. On April 13, 2017, the matter proceeded to a trial to the bench and the following evidence was presented. Victim Nancy James testified that on February 9, 2017, appellant and an individual named Bobby Brown were visiting her at her home. Due to a health condition, she had taken some medication which makes her fall asleep. James stated that when she woke up she noticed that her 1998 Saturn vehicle was missing. James stated that she came to know that appellant had her vehicle; she walked to his house but the vehicle was not there. James testified that she waited for appellant to return it; when he failed, she reported the vehicle stolen. Two and one-half weeks later police found the vehicle on the 900 block of Islington. Prior to locating the vehicle, James said that appellant's nephew gave her the keys and she had been looking for the vehicle in the Lawrence Street area near appellant's home.

{¶ 3} Bobby Brown testified that on the evening of February 9, 2017, he was at James' home when appellant came over. After James fell asleep, appellant, driving James' car, dropped Brown off at his home. At the close of the city's case, appellant made a Crim.R. 29 motion for acquittal; the motion was denied.

{¶ 4} Appellant testified that on the evening of February 9, 2017, he went to James' home and that Mr. Brown was also there. Appellant stated that when he left, James was still awake and Brown was there.

2.

{¶ 5} Appellant testified that he and James had been in a relationship and that since he ended the relationship she had been making false allegations against him. Appellant stated that he never touched her car and does not have a driver's license and does not drive. Appellant stated that he lives near James and just walked back home.

{¶ 6} During cross-examination, appellant admitted that about a year prior he had gotten a ticket for operating a vehicle without a license. In 2012, appellant was also convicted of giving false information to a police officer. Appellant's renewed Crim.R. 29 motion for acquittal was denied. The court found appellant guilty.

{¶ 7} Appellant was sentenced on June 29, 2017, to 180 days of incarceration, with 160 days stayed. The initial appeal in the matter was remanded for the court to issue a sentencing entry in compliance with Crim.R. 32(C). Following remand and the appointment of appellate counsel, appellant commenced the present appeal and raises one assignment of error for our review:

> The trial court erred in denying appellant Homer Williams's motion for judgment of acquittal pursuant to Crim.R. 29 because the city of Toledo failed to establish venue beyond a reasonable doubt.

{¶ 8} In his sole assignment of error, appellant contends that his conviction of unauthorized use of a motor vehicle was not supported by sufficient evidence of venue. "An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard that is used to review a sufficiency of the evidence claim." *State v. Reyes*, 6th Dist. Wood No. WD-03-059, 2005-Ohio-2100, ¶ 21, citing *State v. Carter*, 72 Ohio St.3d

3.

545, 553, 651 N.E.2d 965 (1995). A challenge to a conviction based upon the sufficiency of the evidence to support a conviction presents a question of law on whether the evidence at trial is legally adequate to support a jury verdict on all elements of a crime. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). An appellate court does not weigh credibility when reviewing the sufficiency of evidence to support a verdict. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A reviewing court considers whether the evidence at trial "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 9} We further note that because the issue of venue was not raised before the trial court, any failure to demonstrate venue may not be noticed unless it was plain error affecting a substantial right. *State v. Jackson*, 3d Dist. Seneca No. 13-14-30, 2015-Ohio-1694, ¶ 7, quoting *State v. Gardner*, 42 Ohio App.3d 157, 158, 536 N.E.2d 1187 (1st Dist.1987).

{¶ 10} R.C. 2913.03(A) prohibits an individual from knowingly using an automobile "without the consent of the owner or person authorized to give consent." R.C. 2901.12(A) provides: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter * * * and in the territory of which the offense or any element of the offense was committed." Proper venue is also guaranteed

4.

by Section 10, Article I of the Ohio Constitution. Although venue is not a material element of the crime, it still is a fact that must be proved at trial unless waived. *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). While it is not necessary that the venue of the crime be expressly stated it is essential that it be proven by all the facts and circumstances, beyond a reasonable doubt, that the crime was in fact committed in the county and state alleged. *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of the syllabus. The court has broad discretion in determining the facts which would establish venue. *Toledo v. Taberner*, 61 Ohio App.3d 791, 793, 573 N.E.2d 1173 (6th Dist.1989).

{¶ 11} Regarding venue, this court has noted that we are reluctant to "cart blanche" allow the trial court to take judicial notice or allow "lax methods" of proof of a fact required to be proven by the state. *City of Toledo v. Loggins*, 6th Dist. Lucas No. L-06-1355, 2007-Ohio-5887, ¶ 19; *State v. Burkhalter*, 6th Dist. Lucas No. L-05-1111, 2006-Ohio-1623, ¶ 19. Especially where neither the state requested that judicial notice be taken nor did the court indicate that it took judicial notice. *Loggins* at ¶ 19.

{¶ 12} In *Loggins*, also involving a trial to the court, the appellant was charged with domestic violence and assault. At trial, Toledo Police officers testified that they responded to a call at 1204 Collingwood Avenue. *Id.* at ¶ 3. At the close of the state's case, appellant moved for acquittal arguing that venue had not been established; the court granted the motion as to the domestic violence charge. *Id.* at ¶ 6. Appellant was convicted of assault.

5.

**{¶ 13}** On appeal, appellant argued that the state failed to prove venue; the state contended that the court could take judicial notice of the "limits of the Toledo Police Department's jurisdiction in determining that the Collingwood address was located in the city of Toledo." *Id.* at ¶ 16. In analyzing the arguments, we noted that Ohio courts have held that "reference to a street address only, without reference to a city, county, or state, was insufficient to prove venue." (Citations omitted.) *Id.* at ¶ 18. We found that venue was proven, however, based upon the fact that the street address was noted **and** that the Toledo Police Department responded to that address. *Id.* at ¶ 19. *Accord State v. Wilson*, 6th Dist. Huron No. H-13-002, 2014-Ohio-1005.

**{¶ 14}** In the present case, the victim testified that her vehicle was found in the 900 block of Islington. No mention was made as to the city, county, or state. Further, no testimony was presented as to what police department investigated her report of a stolen vehicle. Based upon these facts, we cannot find that sufficient evidence of venue was presented. Accordingly, the trial court's denial of appellant's motion for acquittal was plain error. Appellant's assignment of error is well-taken.

**{¶ 15}** On consideration whereof, we find that appellant was prejudiced and prevented from having a fair trial and the judgment of the Toledo Municipal Court is reversed and the matter is remanded for a judgment entry of dismissal. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                              JUDGE

James D. Jensen, J.

                                            _____
Christine E. Mayle, P.J.                                   JUDGE
CONCUR.

                                            _____
                                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.