[Cite as *State v. Pinkelton*, 2019-Ohio-5148.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio/City of Sylvania | Court of Appeals No. L-18-1156 |
| Appellee | Trial Court No. CRB1701890 |
| v. | |
| Kendra M. Pinkelton | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 13, 2019 |

* * * * *

Christy Cole, Chief Prosecutor, and Heather L. Pentycofe,
Assistant Prosecutor, for appellee.

W. Alex Smith, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Kendra Pinkelton, is appealing the May 2, 2018 judgment of the Sylvania Municipal Court finding her guilty of assault in violation of R.C. 2903.13. Because the trial court correctly took judicial notice that the crime took place within the court's jurisdiction, we affirm.

{¶ 2} On October 7, 2017, the victim, B.B., went to a Wal-Mart store located at the intersection of McCord Road and Airport Highway to purchase groceries. After completing her shopping, she exited Wal-Mart and entered her vehicle to leave. As she entered her vehicle, another car then pulled in next to B.B.'s vehicle. Appellant and another woman exited their vehicle and began conversing behind B.B.'s car. Appellant was also watching and walking with four children. As B.B. was trying to leave, she yelled at appellant through her window to get out of her way. Appellant did not move from behind B.B.'s car.

{¶ 3} B.B. then turns on her brake lights in order warn appellant she was attempting to leave the parking space. Appellant continued to remain behind B.B.'s vehicle. B.B. then began to slowly back up despite appellant still behind her vehicle. Appellant pounded her fists on the vehicle as it is backing up into her. B.B. then exits the vehicle and yells at appellant for hitting her vehicle. The two women then begin a physical struggle during which appellant hit B.B. several times in the face.

{¶ 4} During the struggle, B.B. realizes that before exiting her vehicle she forgot to put the car in park and the car is rolling backwards. B.B. hastily gets back in the car in order to put the car in park. After B.B. enters the car, appellant pulls her by her leg back out of the car and continues to hit B.B. B.B. sustained injuries to her face, neck, and back.

{¶ 5} Appellant was charged with assault in violation of R.C. 2903.13. A bench trial was held on April 11, 2018. During the bench trial, B.B. testified to the location of

2.

the Wal-Mart. B.B. testified that the store was located in the Spring Meadows shopping center located at McCord and Airport Highway. Appellee asked the trial court to take judicial notice that the Wal-Mart was in the jurisdiction of the court. Specifically, appellee asked the court to take judicial notice that "there is only one Wal-Mart on McCord in this court's jurisdiction." After some more information is gathered, the court granted appellee's motion over appellant's objection.

{¶ 6} Following the close of appellee's case, appellant made a motion for acquittal under Crim.R. 29, in part, due to the lack of evidence regarding venue. The motion was overruled and appellant was found guilty. Appellant was sentenced to 180 days in jail with 177 of those days suspended. Appellant was also ordered to pay $1,053.58 in restitution, was issued a no contact order for B.B., ordered to take anger management class, and ordered to pay $150 in court costs and fees.

**Law**

{¶ 7} "'An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard that is used to review a sufficiency of the evidence claim.'" *Toledo v. Williams*, 6th Dist. Lucas No. L-17-1188, 2018-Ohio-4354, ¶ 8, quoting *State v. Reyes*, 6th Dist. Wood No. WD-03-059, 2005-Ohio-2100, ¶ 21. "A challenge to a conviction based upon the sufficiency of the evidence to support a conviction presents a question of law on whether the evidence at trial is legally adequate to support a jury verdict on all elements of a crime." *Id*., citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). An appellate court does not weigh the credibility of

3.

witnesses when reviewing whether sufficient evidence to support a verdict exists. *Id.*, citing *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "A reviewing court considers whether the evidence at trial 'if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of act could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id.*

{¶ 8} "While venue is not an essential element of a charged offense, courts have required that venue be proved by the state beyond a reasonable doubt unless it is waived by the defendant." *State v. Marcum*, 2018-Ohio-1135, 108 N.E.3d 1211, ¶ 15 (5th Dist.), citing *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983). It is not necessary to prove venue in express terms as long as it is established by all the facts and circumstances in the case. *Id.*, citing *State v. Dickerson*, 77 Ohio St. 34, 82 N.E. 969 (1907), paragraph one of syllabus.

{¶ 9} Evid.R. 201(B)(1) permits a court to take judicial notice of generally-known facts within the territorial jurisdiction of the trial court. Judicial notice may be taken that a location is in a particular jurisdiction. *State v. DePina*, 5th Dist. Stark No. 2014CA00091, 2015-Ohio-2254, ¶ 23, citing *State v. Walker*, 5th Dist. Licking No. 01-CA-00091, 2002-Ohio-5101, ¶ 8.

{¶ 10} In regards to venue, we are reluctant to "cart blanche" allow the trial court to take notice or allow "lax methods" of proof of a fact required to be proven by the state.

4.

*Toledo v. Loggins*, 6th Dist. Lucas No. L-06-1355, 2007-Ohio-5887, ¶ 19. Our jurisprudence has required a street address to be established as well as some other additional information to establish venue. *Williams* at ¶ 14; *Loggins* at ¶ 18-19; *State v. Wilson*, 6th Dist. Huron No. H-13-002, 2014-Ohio-1005, ¶ 27-28 (Mar. 7, 2014).

{¶ 11} Further, the Seventh District determined that the indication of streets and intersections was sufficient information for a court to take judicial notice that the crime occurred within its jurisdiction. *State v. Barr*, 158 Ohio App.3d 86, 2004-Ohio-3900, 814 N.E.2d 79, ¶ 25 (7th Dist.). In the Fifth District, testimony regarding the location of a Wal-Mart store in a particular shopping center was sufficient for a court to take judicial notice regarding venue. *DePina* at ¶ 21-23.

{¶ 12} On the other hand, the Fifth District did not find venue was properly established because the address given by witnesses was in a city which lies within three counties and therefore additional information was needed. *Marcum* at ¶ 18-19. In *State v. Myers*, the Ninth District found that venue was not established because no information regarding the city, county, or state was testified to at trial. *State v. Myers*, 9th Dist. Summit No. 21874, 2004-Ohio-4195, ¶ 7-8. In *Myers*, the address where the crime took place was testified to, but there was no information about which county the address was in, so the appellate court found that venue had not been properly established. *Id*.

**Analysis**

{¶ 13} Here, testimony about the location of the crime was established through the testimony of B.B. She testified as to the location of the Wal-Mart by indicating the

5.

intersection of streets where the Wal-Mart was located. She also testified as to what was around the Wal-Mart, including the location of a bank and the specific name of the shopping center. Appellee asked the court to take judicial notice that there was one Wal-Mart on McCord within the court's jurisdiction. The trial court granted that request and took judicial notice that venue was properly before the trial court. Although there was no evidence presented as to which specific city the alleged crime took place, a specific intersection and shopping center were provided. This information places the crime within the lower court's jurisdiction.

{¶ 14} Therefore, appellant's sole assignment of error is found not well-taken. The judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this action pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.