DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Perry Loggins, appeals the Toledo Municipal Court's October 3, 2006 judgment which, following a bench trial finding appellant guilty of assault, sentenced appellant to a six-month suspended sentence and one-year of active probation. Because the statements used against appellant at trial violated theSixth Amendment's Confrontation Clause, we reverse the trial court's judgment. *Page 2 
 {¶ 2} On January 10, 2006, appellant was charged with one count of domestic violence, Toledo Municipal Code 537.19(A), and one count of assault, Toledo Municipal Code 537.03. Appellant entered a not guilty plea and, on June 13, 2006, he filed a motion in limine to limit testimony by any police officer of statements made by the alleged victim. Appellant stated that the alleged victim had failed to appear at all court dates and would likely not appear at trial. Appellant explained that any testimony regarding the statements the alleged victim made would violate his Sixth Amendment Confrontation Clause rights.
 {¶ 3} The trial commenced on August 19, 2006; the alleged victim did not appear. Toledo Police Officer Steven Harrison testified that on January 10, 2006, he and his partner responded to a domestic violence call at 1204 Collingwood Avenue; it took them approximately two hours to respond to the call. Officer Harrison testified that the alleged victim answered the door and that she appeared to be upset. Harrison stated that the victim was not "hysterical" but that she appeared "nervous" and a bit "frightened." Harrison observed some swelling around the victim's right eye.
 {¶ 4} Officer Harrison testified that he and his partner separated the victim and appellant and that Harrison questioned the victim. Harrison was asked what the victim said to him; appellant's attorney objected to the question and conducted a voir dire. Thereafter, Officer Harrison was permitted to testify that the victim told him that appellant struck her. *Page 3 
 {¶ 5} Toledo Police Officer David Mosiniak testified that he responded to the domestic violence call at 1204 Collingwood. Officer Mosiniak stated that he interviewed appellant and that appellant stated that "nothing" happened. After speaking with Officer Harrison they decided to arrest appellant.
 {¶ 6} At the close of the state's case, appellant moved for acquittal pursuant to Crim.R. 29. Counsel argued that venue had not been established, that there was no proof that the victim resided at the Collingwood apartment, and that the evidence was insufficient. The trial court granted the motion as to the domestic violence charge; the case proceeded on the assault charge.
 {¶ 7} Appellant testified that on the evening of the incident, the alleged victim and a friend were arguing about drugs; he stated that it was a "physical" argument but that he did not see the victim get hit in the eye. Appellant went to sleep; he woke up to find the victim going through his pockets looking for money. Appellant testified that he pushed her away and told her to leave his money alone. Appellant denied hitting the victim.
 {¶ 8} Following the presentation of evidence, the trial court found appellant guilty of assault. On October 3, 2006, appellant was sentenced to a six-month suspended sentence and placed on probation, this appeal followed.
 {¶ 9} Appellant now raises the following three assignments of error: *Page 4 
 {¶ 10} "First Assignment of Error:
 {¶ 11} "The trial court erred when it denied the defendant's motion for acquittal on the grounds that venue had not been established.
 {¶ 12} "Second Assignment of Error:
 {¶ 13} "The trial court erred when it allowed a police officer to testify regarding the testimonial out-of-court statement of the alleged victim.
 {¶ 14} "Third Assignment of Error:
 {¶ 15} "The trial court erred in holding that the alleged victim's statement to a police officer was an excited utterance."
 {¶ 16} In appellant's first assignment of error, he argues that the state failed to prove venue. The state argues that the trial court, as the finder of fact, could take judicial notice of the limits of the Toledo Police Department's jurisdiction in determining that the Collingwood address was located in the city of Toledo.
 {¶ 17} R.C. 2901.12(A) provides: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Proper venue is also guaranteed by Section 10, Article I of the Ohio Constitution. Although venue is not a material element of the crime, it still is a fact that must be proved at trial unless waived. State v. Headley (1983), 6 Ohio St.3d 475, 477. While it is not necessary that the venue of the crime be stated in express terms, it is essential that it be proven by all the facts and circumstances, beyond a reasonable doubt, that the crime was in fact committed in the *Page 5 
county and state alleged. State v. Dickerson (1907), 77 Ohio St. 34, paragraph one of the syllabus. Finally, the court has broad discretion to determine the facts which would establish venue. Toledo v.Taberner (1989), 61 Ohio App.3d 791, 793.
 {¶ 18} Ohio courts have held that reference to a street address only, without reference to a city, county, or state, was insufficient to prove venue. See State v. Myers, 9th Dist. No. 21874, 2004-Ohio-4195. However, in State v. Brown, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, the court found that venue was established where the appellant's address was testified to and that the arresting officer, a Youngstown police officer, arrested appellant at that address.
 {¶ 19} Regarding judicial notice, Evid.R. 201(B) provides that "a judicially noted fact must be one not subject to reasonable dispute in that it is either (1) generally known within the jurisdiction of the trial court or (2) capable of accurate and ready determination * * *." We note that Ohio law is unsettled regarding whether judicial notice of venue is proper. Ohio Criminal Practice and Procedure (11 Ed. 2005) 201, Section 15.103. This court is reluctant to, carte blanche, allow a trial court to take judicial notice of a fact specifically required to be proven by the state. Moreover, the state never requested that judicial notice be taken and the court did not expressly indicate that it took judicial notice of venue. However, under the particular facts of this case, the fact that the street address was noted and that the Toledo Police Department responded to that address, we cannot say that the court's determination that venue was proper was contrary to the weight of the *Page 6 
evidence. Taberner, supra. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 20} In appellant's second assignment of error he argues that the trial court erred when it permitted Officer Harrison to testify regarding out-of-court statements made by the alleged victim. Appellant contends that the statements are inadmissible hearsay based upon the Confrontation Clause requirements as set forth in Crawford v.Washington (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, andDavis v. Washington and Hammon v. Indiana (2006), U.S., 126 S.Ct. 2266,165 L.Ed.2d 224.
 {¶ 21} The Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him. * * *."
 {¶ 22} In Crawford v. Washington, the Supreme Court of the United States, overruling the reliability of the testimony test in Ohio v.Roberts (1980), 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597, held that: "[w] here testimonial evidence is at issue, * * * the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Id. at 68. Crawford stated that it would leave the question of what it "testimonial" for another day; that day came with the court's decision in Davis v. Washington and Hammon v.Indiana (2006), U.S., 126 S.Ct. 2266, 165 L.Ed.2d 224.
 {¶ 23} In Davis, the court held that a 911 telephone call made in response to an ongoing emergency was not a testimonial statement forSixth Amendment purposes. Id. *Page 7 
at 2276-2277. The statement was made as the events were actually happening and they enabled police assistance.
 {¶ 24} The court next addressed Hammon v. Indiana, first noting that it was a much easier task than Davis. In Hammon, the police reported (a few hours later) to a "domestic disturbance." The parties were separated and the alleged victim was questioned about the events. At trial, the state's only witnesses were the two police officers that responded to the 911 call. Id. at 2271. The court found the victim's statements to be testimonial because the facts "objectively indicate[d] that there [was] no such ongoing emergency, and that the primary purpose of the interrogation [was] to establish or prove past events potentially relevant to later criminal prosecution." Id. at 2273-2274.
 {¶ 25} Upon review, we agree with appellant that the facts at issue are very similar to the Hammon facts. In both cases, the police arrived some time after the 911 call, there was no emergency in progress, the parties were questioned separately, and the alleged victim appeared frightened. Accordingly, because the victim's statements were testimonial, the trial court erred in allowing the hearsay statements, as testified to by Officer Harrison, into evidence. Appellant's second assignment of error is well-taken.
 {¶ 26} In appellant's third and final assignment of error he contends that the trial court erred when it allowed the alleged victim's statements based upon the excited utterance exception to the hearsay exclusion. Based upon our determination regarding *Page 8 
appellant's second assignment of error, we find the assignment of error moot and not well-taken.
 {¶ 27} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair trial and the judgment of the Toledo Municipal Court is reversed and the matter is remanded to the trial court for further proceedings. The appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski P.J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1