DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Charles Smallwood, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In the early morning hours of March 1, 2008, Akron Police Officers Patrick Mobley and Eric Reichmanis were patrolling the west side of Akron. The officers received information that Appellant, Charles Smallwood, was flagging down undercover officers at the corner of Paris Avenue and Marion Place. The two officers pulled up to Smallwood. Smallwood was positioned near the rear passenger-side tire when the cruiser came to a stop. There was no one else in the area when Mobley and Reichmanis stopped in front of Smallwood. As Mobley exited the cruiser, he observed Smallwood throw something onto the ground. Mobley retrieved the objects from underneath the cruiser, behind the rear passenger side tire, in the track left by the car's tire. Reichmanis found the objects approximately a foot and a half *Page 2 
away from where Smallwood was standing. The officers identified the recovered objects as a crack pipe and a bindle of crack. Both officers observed that the crack pipe was warm to the touch. In addition, the objects showed no signs of being run over by the cruiser. The officers subsequently arrested Smallwood based on the recovered evidence.
 {¶ 3} On March 11, 2008, Smallwood was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4), one count of illegal possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), and one count of obstructing official business, in violation of R.C. 2921.31(A). The case proceeded to a jury trial on May 15, 2008. At the conclusion of the trial, the jury found Smallwood guilty on all three counts. The court then sentenced Smallwood to twelve months of incarceration. Smallwood timely appealed the trial court's judgment. He has raised two assignments of error for our review.
 II ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DENYING THE CRIMINAL RULE 29 MOTION BECAUSE THE STATE FAILED TO PROVE VENUE WAS PROPER IN SUMMIT COUNTY, OHIO."
 {¶ 4} In Smallwood's first assignment of error, he argues that the trial court erred in denying his Criminal Rule 29 motion. Specifically, Smallwood argues that the State failed to establish venue beyond a reasonable doubt. We disagree with Smallwood's argument.
 {¶ 5} In reviewing a record for a sufficiency of the evidence claim, the relevant inquiry is whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found that the State proved the essential elements of the crime beyond a reasonable doubt. State v. Smith (1997), 80 Ohio St.3d 89, 113. Turning specifically to venue, the Ohio Supreme Court has held that the State must prove venue beyond a reasonable doubt *Page 3 
unless the defendant waives it. State v. Headley (1983),6 Ohio St.3d 475, 477. However, the State need not prove venue "in express terms so long as it is established by all the facts and circumstances in the case." Id. See State v. Brown, 7th Dist. No. 03-MA-32, 2005-Ohio-2939, at ¶ 82 (holding that the State established venue where there was testimony as to the street where the crime took place and that the officers worked in Youngstown, the city where the crime took place);Toledo v. Loggins, 6th Dist. No. L-06-1355, 2007-Ohio-5887, at ¶ 19 (holding that the State established venue where there was testimony as to a street address and that the arresting officer worked for the City of Toledo).
 {¶ 6} In the present case, Officer Mobley testified that he is an Akron police officer and that he patrols the streets of Akron. Officer Reichmanis testified that he is also an Akron police officer. Furthermore, Reichmanis testified that he and Mobley had been patrolling the area near Long Street and South Street and stated that these streets were located on the west side of the City of Akron. In addition, Mobley testified that he and Reichmanis later encountered Smallwood on the corner of Paris Avenue and Marion Place. Thus, as in Brown andLoggins, there is testimony as to the street and the city where the crimes took place. Brown, supra, at ¶ 82; Loggins, supra, at ¶ 19. Viewing this testimony in a light most favorable to the State, a rational juror could conclude that these crimes occurred in Akron, Ohio. Therefore the trial court did not err in denying Smallwood's Crim. R. 29 motion regarding venue. Accordingly, Smallwood's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN DENYING THE CRIMINAL RULE 29 MOTION AS TO THE CHARGE OF OBSTRUCTION OF OFFICIAL BUSINESS BECAUSE THE STATE FAILED TO MEET ITS BURDEN OF PRODUCTION." *Page 4 
 {¶ 7} In Smallwood's second assignment of error, he argues that the trial court erred in denying his Crim. R. 29 motion regarding the obstruction of official business charge because there was insufficient evidence to support a conviction for obstruction of official business. We disagree.
 {¶ 8} When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). To determine whether the evidence in a criminal case was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of crime proven beyond a reasonable doubt." Jenks, 61 Ohio St.3d at paragraph two of the syllabus.
 {¶ 9} To convict Smallwood of obstructing official business, the State had to prove that he, "without privilege to do so and with purpose to prevent, obstruct, or delay the performance, by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties." R.C. 2921.31(A). "Obstruction" is defined as "[something that impedes or hinders, as in a street, river, or design; an obstacle." Black's Law Dictionary (8 Ed. 2004) 1107.
 {¶ 10} On appeal, Smallwood first argues that his act of throwing the crack pipe and bindle onto the ground was de minimis and did not cause any actual disruption to the investigating officers. Smallwood next argues that he was free to drop the crack pipe and bindle *Page 5 
on the ground because the officers had yet to initiate an investigatory stop, pursuant to Terry v. Ohio (1968), 392 U.S. 1. Smallwood contends that because the officers had yet to commence a Terry stop, there was no official police action for him to obstruct at that point.
 {¶ 11} We first address Smallwood's claim that he was free to throw the drugs on the ground because the officers had yet to initiate an investigatory search. A review of the record reveals that Smallwood failed to raise this argument either at trial or through a motion to suppress. Because Smallwood did not raise this argument before the trial court, he has forfeited the issue and this Court need not address it on appeal absent a showing of plain error. State v. Hairston, 9th Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 9, quoting United States v. Olano
(1993), 507 U.S. 725, 733. Smallwood has neither raised plain error nor has he demonstrated why we should delve into these issues for the first time on appeal. State v. Meyers, 9th Dist. Nos. 23864, 23903,2008-Ohio-2528, at ¶ 42. Accordingly, we decline to address Smallwood's contention that he was free to throw the drugs onto the ground because the officers had not yet initiated the investigatory search.
 {¶ 12} Smallwood next argues that a de minimis act is a defense to an obstruction of official business conviction. This Court finds no authority, and Smallwood has failed to cite us to any, for the creation of a safe-zone around a suspect wherein the suspect can discard any evidence he so chooses without fear of a resulting obstruction charge. An appellant has the burden on appeal. See App. R. 16(A)(7); Loc. R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App. R. 16(A)(7); Loc. R. 7(A)(7). As we have previously held, we will not guess at undeveloped claims on appeal. See McPherson v. Goodyear Tire RubberCo., 9th Dist. *Page 6 
No. 21499, 2003-Ohio-7190, at ¶ 31, citing Elyria Joint Venture v. BoardwalkFries, Inc. (Jan. 31, 2001), 9th Dist. No. 99CA007336. As Smallwood has failed to meet this burden, we decline to further address this contention. Accordingly, Smallwood's second assignment of error is overruled.
 III. {¶ 13} Smallwood's assignments of error are overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant. *Page 7 
DICKINSON, J. BELFANCE, J. CONCUR *Page 1