[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Smith*, Slip Opinion No. 2024-Ohio-5030.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5030

THE STATE OF OHIO, APPELLANT, *v.* SMITH, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Smith*, Slip Opinion No. 2024-Ohio-5030.]

*Criminal law—Venue—Court of appeals' judgment summarily reversed under S.Ct.Prac.R. 7.08(B)(3) based on the authority of* State v. Headley.

(No. 2024-1049—Submitted October 15, 2024—Decided October 22, 2024.)

APPEAL from the Court of Appeals for Hamilton County,

Nos. C-230415 and C-230416, 2024-Ohio-2189.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, DONNELLY, BRUNNER, and DETERS, JJ. FISCHER and STEWART, JJ., dissented and would not accept the appeal or summarily reverse the court of appeals' judgment.

**Per Curiam.**

{¶ 1} We accept appellant the State of Ohio's discretionary appeal on its sole proposition of law: "A reviewing court may not independently weigh the

evidence and must take into account the totality of the evidence when analyzing a challenge to the sufficiency of the evidence supporting venue."

{¶ 2} Pursuant to Supreme Court Practice Rule 7.08(B)(3), we summarily reverse the First District Court of Appeals' judgment holding that there was insufficient evidence to establish that the offenses with which appellee, Johnathan Smith, was charged occurred in Hamilton County. We have long held that although venue must be proved beyond a reasonable doubt, venue "need not be proved in express terms so long as it is established by all the facts and circumstances in the case." *State v. Headley*, 6 Ohio St.3d 475, 477 (1983), citing *State v. Dickerson*, 77 Ohio St. 34 (1907), paragraph one of the syllabus. The State presented sufficient circumstantial evidence in this case to establish that the charged offenses occurred in Hamilton County, and the First District Court of Appeals erred when it held otherwise based on a flawed view that direct evidence was required to prove venue.

Judgment reversed.

_____

Melissa Powers, Hamilton County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, for appellant.

Raymond T. Faller, Hamilton County Public Defender, and David Henry Hoffman, Assistant Public Defender; and Elizabeth Miller, Ohio Public Defender, for appellee.

_____