[This opinion has been published in *Ohio Official Reports* at 176 Ohio St.3d 89.]

THE STATE OF OHIO, APPELLANT, *v.* SMITH, APPELLEE.

[Cite as *State v. Smith*, 2024-Ohio-5030.]

*Criminal law—Venue—Court of appeals' judgment summarily reversed under S.Ct.Prac.R. 7.08(B)(3) based on the authority of* State v. Headley.

(No. 2024-1049—Submitted October 15, 2024—Decided October 22, 2024.)

APPEAL from the Court of Appeals for Hamilton County,

Nos. C-230415 and C-230416, 2024-Ohio-2189.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and DEWINE, DONNELLY, BRUNNER, and DETERS, JJ. FISCHER and STEWART, JJ., dissented and would not accept the appeal or summarily reverse the court of appeals' judgment.

**Per Curiam.**

{¶ 1} We accept appellant the State of Ohio's discretionary appeal on its sole proposition of law: "A reviewing court may not independently weigh the evidence and must take into account the totality of the evidence when analyzing a challenge to the sufficiency of the evidence supporting venue."

{¶ 2} Pursuant to S.Ct.Prac.R. 7.08(B)(3), we summarily reverse the First District Court of Appeals' judgment holding that there was insufficient evidence to establish that the offenses with which appellee, Johnathan Smith, was charged occurred in Hamilton County. We have long held that although venue must be proved beyond a reasonable doubt, venue "need not be proved in express terms so long as it is established by all the facts and circumstances in the case." *State v. Headley*, 6 Ohio St.3d 475, 477 (1983), citing *State v. Dickerson*, 77 Ohio St. 34 (1907), paragraph one of the syllabus. The State presented sufficient circumstantial evidence in this case to establish that the charged offenses occurred in Hamilton

County, and the First District erred when it held otherwise based on a flawed view that direct evidence was required to prove venue.

Judgment reversed.

_____

Melissa Powers, Hamilton County Prosecuting Attorney, and Sean M. Donovan, Assistant Prosecuting Attorney, for appellant.

_____