[Cite as *State v. Sanders*, 2025-Ohio-1603.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF WARREN,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>THEOTIS MICHAEL SANDERS, III,<br><br>        Defendant-Appellant. | CASE NOS. 2024-T-0083<br>          2024-T-0084<br><br><br>Criminal Appeals from the<br>Warren Municipal Court<br><br><br>Trial Court Nos. 2024 CRB 001129<br>          2024 CRB 001132 |

___

## OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Affirmed

___

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Robert T. McDowall, Jr.*, Robert T. McDowall Co, LLC, 415 Wyndclift Place, Youngstown, OH 44515 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Theotis Michael Sanders, III, appeals from his convictions and sentences for two counts of Domestic Violence in the Warren Municipal Court. For the following reasons, we affirm the judgments of the lower court.

{¶2} On June 26, 2024, complaints were filed in the Warren Municipal Court, charging Sanders with Domestic Violence, a misdemeanor of the first degree, in violation of Warren City Ordinance 537.14 and Domestic Violence, a misdemeanor of the fourth degree, in violation of W.C.O. 537.14

{¶3} A bench trial was held on September 17, 2024. The following pertinent

testimony was presented at trial:

{¶4}　　Nikki Boyce testified that she previously lived at 524 Commerce Avenue and responded affirmatively when asked "is that where this incident took place?" She indicated that on June 25, 2024, Sanders, her son's father, hit her many times inside of her residence. She called the police and after speaking with an officer, she went to the hospital. She returned home, changed the locks, and that night Sanders kicked in the door and threatened her. She again called the police and spoke with officers.

{¶5}　　Officer Nicholas Ritchie of the Warren Police Department testified that he was dispatched to 524 Commerce to respond to a report of Domestic Violence. Officer Don Shipman testified that he was an officer of the "Warren City Police" who was dispatched to Commerce Street for the two domestic violence incidents. Both officers spoke with Boyce and observed injuries she had suffered.

{¶6}　　At the close of the prosecution's case, Sanders moved to dismiss, arguing that it did not demonstrate jurisdiction, since the addresses provided failed to show whether the crime occurred within the jurisdiction of the Warren Municipal Court. The prosecution argued that Boyce and the officers indicated the incident occurred in Warren. The court denied the request and stated, "In addition to what [the prosecutor] said, the police officers all indicated they work for the Warren Police Department." Sanders then testified and denied hitting Boyce.

{¶7}　　The judge found Sanders guilty of both counts of Domestic Violence. The matter proceeded to sentencing. The prosecutor recommended 210 days in prison. Sanders requested probation, noting that he had not violated the protection order during the pendency of the matter. The court indicated that the incident of domestic violence

Case Nos. 2024-T-0083, 2024-T-0084

was "an event filled with terror," noted the victim's demeanor while testifying, and emphasized the injuries she had. The court sentenced Sanders to a jail term of 180 days for the first-degree misdemeanor offense and 30 days for the fourth-degree misdemeanor offense. The court was subsequently asked whether the sentences were consecutive and it stated, "They are consecutive." Sanders also moved for a stay of sentence which was denied. The court issued September 17, 2024 entries which stated the sentences and that they were to be served consecutively.

{¶8} This court subsequently granted Sanders' request for a stay of his sentences upon posting of bond. An order was issued to release Sanders on November 7, 2024.

{¶9} Sanders timely appeals and raises the following assignments of error:

{¶10} "[1.] The trial court erred in denying Appellant's motion for Acquittal pursuant to Criminal Rule 29 because the Appellee failed to establish that the alleged criminal offenses were committed by Appellant within the jurisdiction of the Warren Municipal Court.

{¶11} "[2.] The trial court committed reversible error in sentencing Appellant to consecutive terms of 180 days and 30 days incarceration (aggregate term of 210 days) being the maximum authorized by the ordinances based on the trial court record."

{¶12} In his first assignment of error, Sanders argues that there was a lack of testimony to demonstrate that the offenses occurred in Warren, Trumbull County, or Ohio for the purposes of demonstrating jurisdiction and venue.

{¶13} "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and . . . in the territory of which the offense or any

Case Nos. 2024-T-0083, 2024-T-0084

element of the offense was committed."  R.C. 2901.12(A).  Regarding jurisdiction, "[a] person is subject to criminal prosecution and punishment in this state if . . . [t]he person commits an offense under the laws of this state, any element of which takes place in this state."  R.C. 2901.11(A)(1).  "A municipal court in Ohio has jurisdiction over misdemeanors occurring within its territorial jurisdiction."  *State v. Mbodji*, 2011-Ohio-2880, ¶ 11.  The Warren Municipal Court has jurisdiction within the city of Warren, as well as "Warren and Champion townships, and within all of Howland township except within the municipal corporation of Niles, in Trumbull county."  R.C. 1901.02(A) and (B).  Matters relating to such jurisdiction have been evaluated de novo.  *State v. Thompson*, 2019-Ohio-4835, ¶ 26 (11th Dist.).

{¶14}  "Venue generally refers to the proper place of trial for a criminal prosecution within a state."  *State v. Schultz*, 2024-Ohio-405, ¶ 14 (11th Dist.).  "Establishing the correct venue is necessary" to give the defendant "'the right to be tried in the *vicinity* of his alleged criminal activity[.]'"  (Citations omitted.)  *Id.*  "Under Article I, Section 10 and R.C. 2901.12, evidence of proper venue must be presented in order to sustain a conviction for an offense."  *State v. Hampton*, 2012-Ohio-5688, ¶ 20.  "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant."  *State v. Headley*, 6 Ohio St.3d 475, 477 (1983).  Venue is not required to be proven in "'express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment.'"  *State v. Ritchey*, 2023-Ohio-1625, ¶ 20 (11th Dist.), citing *Hampton* at ¶ 19, quoting *State v. Dickerson*, 77 Ohio St. 34 (1907), paragraph one of the syllabus; *Schultz* at ¶ 16

("[c]ircumstantial evidence may be used to establish venue").

{¶15} "A challenge to venue, based on assertions that the State did not introduce evidence to support a conclusion that the crime occurred within the [territory of the court] where the conviction occurred, has been evaluated as a challenge to the sufficiency of the evidence." *State v. Elder*, 2014-Ohio-4312, ¶ 28 (11th Dist.); *Hampton* at ¶ 24 ("[o]ver a century of well-established jurisprudence clearly mandates that a motion for judgment of acquittal must be granted when the evidence is insufficient for reasonable minds to find that venue is proper"). "'[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury," i.e., "whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Thompkins,* 78 Ohio St.3d 380, 386 (1997), quoting *Black's Law Dictionary* (6th Ed. 1990).

{¶16} Sanders argues that there was a lack of evidence to establish that the crimes took place in the city of Warren and the State of Ohio. As to the issue of venue, he points to *State v. Myers*, 2004-Ohio-4195 (9th Dist.), arguing that the court there held venue was not established where there was a failure to present evidence relating to the city, county, and state where the offense occurred. Although Sanders relies on *Myers*, given the various positions taken on this issue in similar circumstances, it is necessary to review case law throughout this state.

{¶17} Several appellate districts have held that venue was properly established where the specific address of the crime was given, although it did not include the city, when it was combined with some other fact tending to establish venue. In *Toledo v. Loggins*, 2007-Ohio-5887 (6th Dist.), the appellate court held that, although the trial court did not indicate it did so, it could have taken judicial notice of venue where an address of

a domestic violence incident was provided in officer testimony, "1204 Collingwood Avenue," and the officer from the Toledo Police Department indicated he responded to that call and encountered the victim of the domestic violence incident. The court concluded that a finding that venue existed was supported by the weight of the evidence given that "the street address was noted and that the Toledo Police Department responded to that address." *Id.* at ¶ 19. *See also State v. Davis*, 2005-Ohio-289, ¶ 13 (8th Dist.) (the venue of the offense was established in the Cuyahoga County Court of Common Pleas where there was testimony as to the address where the victim of a stolen car resided, "13108 Griffing Avenue," and testimony established that the East Cleveland Police Department and Cleveland Police Department were assigned to the case).

{¶18} Similarly, sufficient evidence of venue has been found where testimony regarding the vicinity of a crime was given in conjunction with information regarding the location of the responding or investigating officers. The Seventh District held that venue was proven where there was testimony that a victim was near her mother's house on Market Street and a Youngstown police officer responded to Market Street. *State v. Brown*, 2005-Ohio-2939, ¶ 81 (7th Dist.), *abrogated on other grounds by State v. Haynes*, 2022-Ohio-4473. *See State v. Smallwood*, 2009-Ohio-1987, ¶ 6 (9th Dist.) (testimony that officers had been patrolling in Akron and were flagged down at the intersection of two named streets was sufficient to establish that those streets were located in Akron).

{¶19} In contrast, in *Myers*, the Ninth District concluded that there was a lack of proof that an offense occurred in Summit County where there was testimony about the street where the offense occurred but not in relation to the city or county where the offense occurred. In *Myers*, there was evidence that the victim lived on Arlington Avenue in North

Canton, was in a hotel on Arlington Street when the crime occurred, was treated at Akron General Hospital, and the crime was investigated by the Akron Police Department. However, the court determined venue was not sufficiently proven since there was no evidence that the hotel was in Summit County or regarding where the assault took place "in terms of city, county or state." *Id.* at ¶ 7.

{¶20} Further, in *State v. Lahmann*, 2007-Ohio-1795 (12th Dist.), the Twelfth District held that venue was not established when "the only evidence the city presented in this case that could have arguably proven venue was that the incident took place at 5436 Lakeside Drive" without further evidence demonstrating the city, county, or state where this address was located. *Id.* at ¶ 21.

{¶21} The First District has held that venue was not proven where there was no evidence that a certain address was located in Hamilton County for the purposes of establishing venue, although there was testimony that Cincinnati police were called to respond to the crime. *State v. Giles*, 322 N.E.2d 362, 363-364 (1st Dist. 1974). The same district subsequently held, however, that a court can take judicial notice, for the purpose of establishing venue, that the offense occurred in a certain county where there were facts regarding the road where the incident occurred and the police department for which the patrolman observing the offense worked. *State v. Bunch*, 1979 WL 208773, *2-3 (1st Dist. July 11, 1979).

{¶22} Finally, in *State v. Smith*, 2024-Ohio-2189 (1st Dist.), the court held that venue was not demonstrated where there was circumstantial evidence, including that the Green Township Police Department responded to the scene and a sign at the police station noted that Green Township was in Hamilton County, Ohio. *Id.* at ¶ 20 and 26.

The Ohio Supreme Court reversed, however, emphasizing that circumstantial evidence can establish venue. *State v. Smith*, 2024-Ohio-5030, ¶ 2.

**{¶23}** This court is unaware of authority from this district under the exact circumstances present here, where an address was given and police responding were from the city where the charges were prosecuted. However, in *Schultz*, 2024-Ohio-405 (11th Dist.), we held that venue was proven where circumstantial evidence existed: messages were sent in violation of a protection order which listed the defendant's address in the city and county where charges were brought and the sheriff's office from the relevant county was contacted. *Id.* at ¶ 20.

**{¶24}** We find the authority determining there was sufficient evidence of venue in similar circumstances to be persuasive here. *Loggins* is almost identical to the present circumstances. In both cases, the victim called the police to her residence where domestic violence occurred, an address was provided without a city or county, and testimony was presented that a certain police department responded. Given the existence of the street address in the record and the city of the officers that responded, the court could reasonably determine that the offense occurred in Warren and the Warren Municipal Court was the proper venue. As the Ohio Supreme Court reiterated in *Smith*, 2024-Ohio-5030, circumstantial evidence is sufficient to establish venue. As outlined above, several other appellate districts have also held that information about the street address or area of the offense combined with facts such as the department of the responding officers establishes venue. *Davis*, *Brown*, *Smallwood*, *supra*.

**{¶25}** Sanders' argument to the contrary relies heavily on *Myers*, *supra*. In *Myers*, there appeared to be some confusion about where the crime occurred because the

Case Nos. 2024-T-0083, 2024-T-0084

defendant lived on "Arlington Avenue" in North Canton, not in the jurisdiction of Summit County, and the crime occurred at a hotel on "Arlington Street." 2004-Ohio-4195, at ¶ 7 (9th Dist.). This arguably led to the court's decision that there was no evidence to support a finding of venue. Further, the Ninth District has subsequently been less rigid in its evaluation of venue issues, finding venue established where there was testimony as to the street where the crimes occurred and about the police department where the patrolling officers worked. *Smallwood*, 2009-Ohio-1987, at ¶ 6 (9th Dist.). Significantly, *Myers* stated that allowing the city, county and state of the offense "to be shown by circumstantial evidence is risky at best or fatal as in this case." *Id.* at ¶ 8. We again emphasize that the Supreme Court has recently reasserted that circumstantial evidence is sufficient to establish venue. *Smith* at ¶ 2.

{¶26} Further, in *Lahmann,* 2007-Ohio-1795 (12th Dist.), while the court found venue was not established, unlike in the present matter, there was evidence showing the address of the incident but no reference to whether there was additional testimony to demonstrate venue, such as testimony from responding officers regarding the city to which they responded, like in the present matter.

{¶27} Additionally, it cannot be reasonably questioned that Warren is located in the State of Ohio given the circumstances of this case and the fact that the victim obtained the protection order against Sanders resulting from these offenses in the State of Ohio. Given the circumstances of this matter, we do not find reversal on whether the offenses occurred in the State of Ohio is warranted. *See State v. Bellamy*, 2024-Ohio-2076, ¶ 48 (5th Dist.) (while it "would have been better practice for the State to have established that [the offenses] occurred in Ohio in express terms, it clearly appears from the evidence

Case Nos. 2024-T-0083, 2024-T-0084

presented that the events in question" occurred there) (citation omitted).

{¶28} The first assignment of error is without merit.

{¶29} In his second assignment of error, Sanders argues that the trial court erred in sentencing him to maximum, consecutive sentences when he was not on community control, did not violate a protection order, had no prior domestic violence charges, and the victim received limited medical treatment.

{¶30} Misdemeanor sentencing is within the discretion of the trial court and is reviewed by the appellate court for an abuse of discretion. *State v. Williams*, 2022-Ohio-4062, ¶ 12 (11th Dist.). An abuse of discretion is the court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶31} A trial court "shall be guided by the overriding purposes of misdemeanor sentencing," i.e., "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). A sentence imposed for a misdemeanor "shall be reasonably calculated to achieve" these purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B). "To achieve [these purposes], the sentencing court must consider the criteria set out in R.C. 2929.22(B)." *Williams* at ¶ 14. These factors include, inter alia, the circumstances of the offense, history of criminal activity, a substantial risk the offender will be a danger to others and whether he is likely to commit future crimes, the vulnerability of the victim, and any other relevant factors. R.C. 2929.22(B).

{¶32} While the failure to consider these factors is an abuse of discretion, "there

is no requirement that the court state on the record it considered the statutory sentencing criteria." *State v. Engler,* 2021-Ohio-902, ¶ 77-78 (11th Dist.). "A silent record raises the presumption that the trial court considered all of the factors." *Conneaut v. Peaspanen*, 2005-Ohio-4658, ¶ 26 (11th Dist.); *Engler* at ¶ 77 ("[a]bsent a showing otherwise . . . if the sentence lies within the statutory limit, a reviewing court will presume that the trial judge followed the standards required by the statute").

{¶33} As to consecutive sentences, "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively." R.C. 2929.41(B)(1). The trial court is not required to make consecutive sentence findings but is only required to specify the jail terms imposed are to be served consecutively. *Conneaut v. Fromknecht*, 2024-Ohio-1119, ¶ 10 (11th Dist.).

{¶34} Regarding the length of the sentences, the trial court imposed sentences within the statutory limits. There is no affirmative indication on the record that it failed to consider the required sentencing factors. Sanders primarily argues that the sentence he received is too high and is not consistent with the maximum sentence given in *State v. Samuels*, 2003-Ohio-2865 (8th Dist.), for three counts of aggravated menacing, where there were multiple victims who indicated they felt seriously threatened with harm by the defendant and he had a significant criminal history.

{¶35} This court has held, in relation to felony sentences, that it "is not necessary to compare whether the sentence in the present matter is the same or similar to those set forth in the cases cited by [the defendant]. Rather, this court will evaluate whether the trial court properly performed its duty to apply the required felony sentencing factors."

*State v. Jones*, 2019-Ohio-4838, ¶ 13 (11th Dist.); *State v. Ashley*, 2007-Ohio-690, ¶ 29 (11th Dist.). "R.C. 2929.21(B)'s mandate that misdemeanor sentences be consistent mirrors the provision in R.C. 2929.11(B) that felony sentences be consistent" and, thus, "we apply the same analysis" to misdemeanor sentencing. *State v. Whitlow*, 2007-Ohio-5907, ¶ 10 (11th Dist.). "[P]roper application of the statutory sentencing guidelines determines consistency" in misdemeanor sentencing. *Id.*

{¶36} The court here did not indicate it failed to consider the necessary factors. Instead, it emphasized the harm caused to the victim and the "terror" she experienced. It also necessarily considered, from hearing the trial in this matter, that Sanders committed two offenses of domestic violence against the same victim in less than 24 hours. Since there is nothing in the record to indicate a failure to consider the required factors, given the circumstances of this case, we do not find a lack of compliance with R.C. 2929.21 or .22. Further, even if it were necessary to consider whether the sentence in this case was consistent with that in *Samuels*, we note that in that case, while the defendant committed multiple crimes and had a criminal history, it involved different crimes. In *Samuels*, the offenses were aggravated menacing where here, Sanders committed a physical assault on the victim, resulting in harm warranting a visit to the hospital. There are different justifications which allowed the court to reach a conclusion that a maximum sentence was appropriate.

{¶37} Regarding the consecutive sentences, the trial court was not required to make any particular findings and stated both at sentencing and in its entry that the two sentences were to be served consecutively. The court took the required action to issue consecutive sentences in this matter.

Case Nos. 2024-T-0083, 2024-T-0084

{¶38}  The second assignment of error is without merit.

{¶39}  For the foregoing reasons, Sanders' convictions and sentences in the Warren Municipal Court are affirmed.  Costs to be taxed against appellant.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case Nos. 2024-T-0083, 2024-T-0084

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgments of the Warren Municipal Court are affirmed. Costs to be taxed against appellant.



JUDGE SCOTT LYNCH

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-T-0083, 2024-T-0084