[Cite as *State v. Holloway*, 2025-Ohio-1637.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240453 |
| | | TRIAL NOS. C/24/TRC/13840/A/B/C/D |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| CARMENDY HOLLOWAY, | : | |
| | | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgments of the trial court are affirmed in part and the appeal is dismissed in part for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/7/2025 per order of the court.**

**By:**_____
    **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                                   :        APPEAL NO. C-240453
                                                          TRIAL NOS. C/24/TRC/13840/A/B/C/D
     Plaintiff-Appellee,                       :

    vs.                                           :

                                                          *O P I N I O N*
CARMENDY HOLLOWAY,                                :

    Defendant-Appellant.                      :


Criminal Appeal From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed in Part and Appeal Dismissed in Part

Date of Judgment Entry on Appeal: May 7, 2025


*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *John D. Hill*, *Jr.,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Carmendy Holloway appeals her convictions for operating a vehicle while impaired ("OVI"), driving under suspension, improper turn signal, and speeding. In two assignments of error, Holloway argues that the OVI conviction was not supported by sufficient or credible evidence.

## Factual Background

{¶2} On May 18, 2024, Carmendy Holloway was charged with OVI, driving under suspension, improper turn signal, and speeding and proceeded to a bench trial.

{¶3} Officer Rian Jackson, an officer with the Village of Saint Bernard Police Department, testified that while patrolling that night, Jackson saw headlights approaching him at a high rate of speed. The car was driving on Tennessee Avenue in Cincinnati. Jackson estimated the car's speed at 50 m.p.h. in a 35 m.p.h. zone. Upon entering his jurisdiction, the vehicle stopped at a light, then accelerated rapidly to 45 m.p.h. in a 25 m.p.h. zone. Jackson used a Stalker radar unit to determine the speed.

{¶4} After Jackson caught up with the vehicle, Holloway failed to use a turn signal while turning left on Ross from Vine Street. After initiating a stop, Jackson immediately detected an odor of alcohol coming from the car. Holloway's driver-side window was open about a half inch, and Jackson observed that her eyes were glossy, and she was slurring her speech. When Holloway exited from her car, she had some difficulty, so Jackson placed his hands on her to steady her. Holloway, who was agitated, stumbled and started shoving his hands. Holloway denied consuming any alcohol. Holloway stated that she was driving because her friends in the car were drunk. Holloway provided him with identification and informed him that she did not have a license.

{¶5} Jackson ran her information through his computer and learned her

driver's license was suspended and there was a warrant for her arrest in Montgomery County and one in Butler County. When Jackson placed her in the back of his cruiser, he smelled a strong odor of alcohol permeating through the Plexiglas partition separating the front seats from the back seats. Jackson, who had recently completed his third OVI training, opined that Holloway was appreciably impaired. Holloway declined to perform the standardized field-sobriety tests.

{¶6} After Jackson's testimony, the State rested. Holloway argued that the State failed to establish venue and that the State presented insufficient evidence of impairment. The court found Holloway guilty of all the charges.

## Sufficiency and Manifest Weight

{¶7} In her sole assignment of error, Holloway contends that the OVI conviction was not supported by sufficient or credible evidence.

{¶8} The relevant inquiry in a challenge to the sufficiency of the evidence "is whether, after viewing the evidence in the light most favorable to the state, any rational trier of fact could have found all the essential elements of the crime proved beyond a reasonable doubt." *State v. Ham*, 2017-Ohio-9189, ¶ 19 (1st Dist.), citing *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991), paragraph two of the syllabus.

{¶9} When considering a weight-of-the-evidence claim, we review "'the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Bailey*, 2015-Ohio-2997, ¶ 59 (1st Dist.), quoting *State v. Thompkins*, 78 Ohio St.3d 380 (1997).

{¶10} Holloway first argues that the evidence did not sufficiently or credibly

establish that she was impaired because there is no evidence of consumption or erratic driving. Holloway was convicted of violating R.C. 4511.19(A)(1)(a), which states in relevant part, "No person shall operate any vehicle, . . . if, at the time of the operation, . . . [t]he person is under the influence of alcohol." To sustain a conviction for OVI, the State must prove the "defendant operated a vehicle when his faculties were appreciably impaired by the consumption of alcohol." *State v. Bakst*, 20 Ohio App.3d 141, 145 (1st Dist. 1986).

**{¶11}** "[T]he state is not required to establish that a defendant was actually impaired while driving, but rather, need only show an impaired driving ability." *State v. Zentner*, 2003-Ohio-2352, ¶ 19 (9th Dist.), citing *State v. Holland*, 1999 Ohio App. LEXIS 6143 (11th Dist. Dec. 17, 1999). To prove impairment, the State may rely upon "physiological factors such as slurred speech, bloodshot eyes, and the odor of alcohol." *State v. Padgett*, 2021-Ohio-2905, ¶ 14 (1st Dist.), citing *State v. Panzeca*, 2020-Ohio-4448, ¶ 16 (1st Dist.), quoting *Cleveland v. Giering*, 2017-Ohio-8059, ¶ 30 (8th Dist.). Any lay witness, without special qualifications, may testify as to whether or not an individual is intoxicated. *State v. Kuhner*, 2002-Ohio-7382, ¶ 36 (5th Dist.), citing *City of Columbus v. Mullins*, 162 Ohio St. 419, 421 (1954).

**{¶12}** While much of the evidence supporting Holloway's OVI conviction is circumstantial, circumstantial and direct evidence possess equal evidentiary value. *Jenks*, 61 Ohio St.3d 259 at 272. Jackson's testimony established that Holloway had a strong odor of alcohol on her person that permeated through the partition in Jackson's cruiser. Holloway stumbled while exiting from her vehicle, her eyes were glossy, and she was slurring her speech. Holloway became agitated when Jackson placed his hands on her to steady her. Jackson further testified that he believed Holloway was "appreciably impaired" based on his extensive experience in OVI investigation, and

5

the physical indicia of alcohol intoxication he observed. *See Kuhner* at ¶ 36.

**{¶13}** Moreover, Jackson observed two traffic violations, excessive speeding and the failure to use a turn signal. Although this court has concluded that nominal speeding does not indicate impairment, Holloway was driving 20 m.p.h. over the speed limit in a 25 m.p.h. zone. *See State v. Fisher*, 2009-Ohio-2258, ¶ 12 (1st Dist.) ("In this case, facts beyond nominal speeding and an odor of alcohol existed to support probable cause. Fisher was going 22 m.p.h. over the speed limit, which was not nominal speeding.").

**{¶14}** Accordingly, viewing the evidence in the light most favorable to the State, the State presented sufficient evidence to prove that Holloway operated her vehicle while impaired. To the extent that Holloway argues that her conviction is against the weight of the evidence, we conclude that the trial court did not lose its way when it found her guilty of the offense. This is not the exceptional case that requires reversal because the evidence weighs heavily against the conviction. *See State v. Thompkins*, 78 Ohio St.3d 380, 388 (1997).

**{¶15}** Next, Holloway contends that the State failed to present sufficient evidence to prove venue. "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." *State v. Draggo*, 65 Ohio St.2d 88, 90 (1981). The State need not prove venue in express terms so long as it is established by all the facts and circumstances in the case. *State v. Headley*, 6 Ohio St.3d 475, 477 (1983); *State v. Hinkston*, 2015-Ohio-3851, ¶ 11 (1st Dist.) (Venue can be established "by the evidence as a whole or by circumstantial evidence.").

**{¶16}** Evidence showing that an offense occurred at a particular street, standing alone, is generally insufficient to prove venue, "since such addresses often

are not 'sufficiently unique' to permit the conclusion that the address is located in a particular city or county." *State v. Lahmann*, 2007-Ohio-1795, ¶ 34 (12th Dist.). However, a street name in combination with testimony that a certain locality's investigative body was assigned to the alleged crime is sufficient to establish venue. *See State v. Curry*, 2014-Ohio-3836, ¶ 23 (2d Dist.) (testimony that the offense occurred in Lexington Park and the Xenia police responded was "more than sufficient to establish venue"); *State v. Shuttlesworth*, 104 Ohio App.3d 281 (7th Dist.1995) (evidence that the officer was on duty for the Cadiz Police Department along with the street name where the offense occurred was sufficient to establish venue in Harrison County).

{¶17} Here, the officer testified that he worked for the Village of St. Bernard, and as he was patrolling, he witnessed a traffic infraction in Cincinnati. Jackson did not cite Holloway for that infraction because it was outside of his jurisdiction of St. Bernard. He further testified that Holloway stopped at a light upon entering his jurisdiction at the intersection of Ross and Fischer Place, specific streets in St. Bernard. Although the record is devoid of direct testimony that the offenses occurred in Hamilton County, the circumstantial evidence established that the offenses occurred in Hamilton County. *See State v. Smith*, 2024-Ohio-5030, ¶ 2.

{¶18} Accordingly, we overrule Holloway's sole assignment of error.

## Conclusion

{¶19} Because Holloway presented no challenges to the convictions in the cases numbered C/24/TRC/13840/B/C/D, we dismiss the appeal in part. Having overruled Holloway's assignment of error in the case numbered C/24/TRC/13840/A, we affirm the judgment of the trial court in that case.

Judgments affirmed in part and appeal dismissed in part.

**NESTOR** and **MOORE, JJ.,** concur.